In the Matter of the Petition of AUGUSTA RUBIEN for the Removal of the Body of ISAAC FRIEDMAN from Mount Zion Cemetery, Maintained and Operated by the Elmwier Cemetery Association, Inc. AUGUSTA RUBIEN, Respondent; CONGREGATION CHEVRA RODFE ZEDEK ANSHEI BOLSCHOVCE, etc., Appellant.— Order granting petitioner's application for permission to remove the body of her deceased father from one cemetery to another, and denying appellant's cross-motion to dismiss the proceeding, and order denying appellant's motion to set aside the original decision, for leave to interpose an answer to the petition, and for other relief, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

In the Matter of the Application of FRANK J. SAGE, Respondent, and 47–53 GRAMATAN CORPORATION, Respondent, Appellant, against J. FRANK HAND, Fire Commissioner of the City of Mount Vernon, CHARLES F. TWIDY, Commissioner of Public Works of the City of Mount Vernon, and WILLIAM F. HAYES, JR., as President and DAVID COHN and Others, as Members Constituting the Common Council of the City of Mount Vernon, Appellants, Respondents.— Proceeding under article 78 of the Civil Practice Act for an order requiring the appellants-respondents to cancel the revocation of a certain permit issued for the installation of equipment for a gasoline station in a district zoned for business in the city of Mount Vernon and to declare said permit to be in full force and effect; requiring the issuance of a permit to cut the curbstone in front of the premises involved and permitting the installation of pipes; and requiring the issuance of any further permits to enable the petitioners to erect and maintain a gasoline station upon the premises involved. Order dated July 28, 1939, reversed on the law and the facts, with fifty dollars costs and disbursements, motion denied, with ten dollars costs, and the proceeding dismissed, without costs. In view of the decision on the appeal from the order dated July 28, 1939, the order dated November 29, 1939, is modified by striking out all except the last decretal paragraph; and, as thus modifie l, the order is affirmed, without costs. The record does not disclose that the revocation of the permit involved an invasion of any vested rights possessed by the petitioner Sage or of the corporate petitioner. In so far as the order dated November 29, 1939, vacated the order of July 28, 1939, in respect of the corporate petitioner, that action was proper since that entity not only was possessed of no vested rights that were invaded by the revocation of the permit but it never was entitled to invoke benefits accruing to Sage as a consequence of the issuance of a permit to Sage in the first instance. The court should have reopened the proceeding to accept proof that the situation had changed as a consequence of Sage being dispossessed from the property. The issuance of a permit under such conditions would be a futility, as the Special Term recognized in denying the cross-motion to punish for contempt when the application to vacate the order of July 28, 1939, was before it. Appeal from the order dated September 25, 1939, granting petitioners' motion for the furnishing of security by the appellants-respondents dismissed, without costs. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.